IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

      Petitioner,                    No. CIV-S-10-104 GEB KJM P

   vs.

JAMES WALKER,

      Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging the loss of good time credits following a 2005 disciplinary proceeding. Respondent has moved to dismiss on the ground that the petition is untimely.

        The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a statute of limitations for filing a federal habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

/////

1

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

In Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003), the Ninth Circuit recognized that it is § 2241(d)(1)(D) that governs the statute of limitations in habeas petitions challenging administrative decisions. It further explained that the triggering date is determined

> by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence. This occurred when the Board denied Redd's administrative appeal on December 7, 1998. Consequently, the limitations period began to run on the next day.

Id. at 1084; see also Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

In this case, the internal grievance process was completed on July 20, 2006, when the Director's Level Decision was issued. Motion To Dismiss (MTD) (Docket No. 14-1) at 18.[1] As plaintiff has not suggested there was any delay in his receipt of this determination, the triggering date for the statute is July 21, 2006. Without any tolling, the limitations period expired on July 21, 2007.

/////

---

[1] The court refers to the page numbers assigned by its ECF system.

Petitioner did seek habeas relief from the state courts. His first petition does not have a proof of service, but is dated August 17, 2006.[2] MTD (Docket No. 14-2) at 7. This petition was sent to the Sacramento County Superior Court, which stamped it "July 30, 2007." Id. at 2.[3] Neither party has provided legal mail logs throwing any light on the actual mailing date; respondent assumes that the petition was not actually mailed until shortly before it was received in Sacramento, while petitioner suggests that it was in fact mailed in August 2006.

On September 10, 2007, the Sacramento County Superior Court determined:

> This petition is not properly filed in Sacramento County. California Rules of Court, rule 4.552(b) provides that when the superior court in which a habeas petition is filed determines the matter may be more properly heard by the superior court of another county because it challenges the conditions of confinement in that other county, it may order the matter transferred to the other county . . . .

MTD (Docket No. 14-3) at 2. The case was thereafter transferred to Solano County Superior Court, which filed the petition on September 20, 2007. MTD (Docket No. 14-2) at 2. That court denied the petition on November 19, 2007. MTD (Docket No. 14-3) at 7.

Petitioner returned to the Solano County Superior Court with a petition dated December 12, 2007. MTD (Docket No. 14-1) at 13. The Superior Court denied this petition as "repetitive" in an order filed February 13, 2008. Id. at 2.

Petitioner sought relief in the California Supreme Court, in a petition dated "February 2009." MTD (Docket No. 14-3) at 22. That court denied the petition in an order filed March 18, 2009. Id. at 46.

The instant petition was dated January 4, 2010, and filed on January 13, 2010.

/////

---

[2] The court relies on this date for the filing date under the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988).

[3] The July 30 date is the date affixed by the "Crim. Div." The later filed date in Solano County of September 20, 2007, is affixed in the same area of the upper right hand corner of the page as the July 30 stamp.

1   The statute of limitations is tolled during the pendency of any "properly filed"
2   state collateral attack on the judgment. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-07 (9th Cir. 1999).
3   In <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000), the Supreme Court noted that a petition is properly filed
4   "when it is delivered to, and accepted by, the appropriate court officer for placement into the
5   official record." <u>Id</u>. at 8.  The court determined that such a petition is "properly filed" for
6   § 2244(d)(2) purposes

> when its delivery and acceptance are in compliance with the
> applicable laws and rules governing filings. These usually
> prescribe, for example, the form of the document, the time limits
> upon its delivery, the court and office in which it must be lodged,
> and the requisite filing fee.

10  <u>Id</u>. (footnote omitted).

11  The court need not resolve the question of when petitioner's original state habeas
12  petition was sent to Sacramento County Superior Court, because even if it was mailed in August
13  2006, well within the statute of limitations, it was not "properly filed" within the meaning of
14  <u>Artuz</u>.  As the Superior Court ruled, it was not filed in the right court within the contemplation of
15  the California Rules of Court.  The statute of limitations thus ran before the case was transferred
16  to Solano County and petitioner's subsequent filings do not revive the statute. <u>Jiminez v. Rice</u>,
17  276 F.3d 478, 481 (9th Cir. 2001).

18  Even if the statute was somehow tolled from August 17, 2006 through the
19  Superior Court's resolution of petitioner's second Superior Court petition, the federal action is
20  still not timely.

21  In <u>Carey v. Saffold</u>, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the
22  AEDPA statute of limitations is tolled not only between the actual filing and decision on a writ,
23  but also during those periods between filings as a petitioner works his or her way "up the ladder"
24  through higher courts to complete "one full round" of state court review of claims. <u>Id</u>. at 217,
25  219-20.  However, in <u>Evans v. Chavis</u>, 546 U.S. 189 (2006), the Supreme Court directed the
26  federal courts to determine whether a "gap" petition was delayed unreasonably, even when a

4

state court did not deny the petition as untimely. The court suggested that a gap longer than the thirty to sixty days permitted in states with written rules for filing might be reasonable, while six months would not be. Id. at 201. In this case, the gap between the denial of the second Superior Court petition and the Supreme Court petition was approximately a year, a much longer gap than the thirty to sixty days posited by Evans. Sutton v. Prosper, 2009 WL 735215, at *3 (E.D. Cal. 2009) (no gap tolling for year between petitions). If petitioner is not entitled to the time between these petitions, then the statute of limitations began to run again on February 9, 2008, on day twenty-one of the limitations period, and expired January 19, 2009. The instant petition is not timely.

Petitioner argues that the statute did not begin to run until the California Supreme Court denied his petition, in March 2009. The Ninth Circuit has rejected this argument. Redd, 343 F.3d at 1084.

Petitioner also suggests he is entitled to equitable tolling because he is claustrophobic and taking psychotropic medications, which cause extreme drowsiness. Opp'n at 2, 5-7. Medical records attached to his state petitions confirm the diagnosis of phobia and include his account of a history of head trauma and resulting cognitive impairment. MTD (Docket No. 14-1) at 22 & Ex. 3 (Docket No. 14-2) at 19-21.

In Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances." To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights

/////
/////
/////
/////
/////

5

diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, __ U.S. __, 130 S.Ct. 244 (2009). It is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

The Ninth Circuit has held that mental incompetency may equitably toll the limitations period applicable to § 2254 actions because mental incompetency is an extraordinary circumstance beyond a prisoner's control. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003); see also Lawrence v. Florida, 549 U.S. 327, 337 (2007) ("even assuming this argument could be legally credited, Lawrence has made no showing of mental incapacity"). In determining whether mental incompetency exists, the court engages in a "highly fact dependent" evaluation of the record. Laws, 351 F.3d at 922 (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000)). In order for mental incompetence to serve as a basis for tolling of the limitations period it must have been the actual cause of the untimeliness of the habeas petition. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), as amended, 447 F.3d 1165 (9th Cir. 2006), cert. denied 549 U.S. 1124 (2007) (analyzing whether causal connection between mental deficiencies and late filing existed in light of specific facts of case). It is petitioner's burden to demonstrate he is entitled to rely on equitable tolling. Id. at 1034.

Neither the Supreme Court nor the Ninth Circuit have defined what level of "mental incapacity" or "mental incompetency" will demonstrate a petitioner's entitlement to equitable tolling. Some courts that have addressed the issue rely less on a definition of mental

1  incompetence and more on the showing of a connection between a mental state and the failure to
2  file.  Thus, some courts have defined the standard as "an inability to pursue one's legal rights,
3  provided there is a nexus between the petitioner's mental condition and [] inability to file a
4  timely petition."  United States v. Harris, 268 F.Supp.2d 500, 506 (E.D. Penn. 2003); see also
5  Rhodes v. Senkowski, 82 F.Supp.2d 160, 170 (S.D.N.Y. 2000) (petitioner "must show that these
6  medical problems rendered him unable to pursue his legal rights during the relevant time
7  period").  Another court has noted that "the alleged mental incompetence must somehow have
8  affected the petitioner's ability to file a habeas petition."  Nara v. Frank, 264 F.3d 310, 320 (3d
9  Cir. 2001), overruled in part on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

In this case, petitioner has not attempted to link his claustrophobia to an inability to pursue legal remedies.  Moreover, he has not pointed to anything suggesting his medications rendered him unable to file his petition in a timely manner.  Petitioner has not borne his burden of demonstrating his entitlement to equitable tolling.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (docket no. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 4, 2010.

2/beny0104.mtd

U.S. MAGISTRATE JUDGE